E-FILED
Thursday, 25 June, 2026 02:33:47 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

OSBALDO JOSE-NICOLAS,
  Plaintiff,

v.

EK, *et al.*,
  Defendants.

Case No. 4:26-cv-04104-JEH

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Hill Correctional Center ("Hill"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### I

Plaintiff files suit against Defendants Dr. Ek, Nurse Jane Doe, and Wexford Health Sources, Inc. ("Wexford").

On November 15, 2024, Plaintiff slipped on water and fell between the sink and his bunk. Plaintiff alleges he heard a "pop" in his left arm when he fell.

On November 17, 2024, Plaintiff went to the Healthcare Unit and saw Defendant Nurse Jane Doe, who took his vitals. Plaintiff told Defendant Jane Doe about his fall and that he was experiencing extreme pain in his left arm. Plaintiff alleges Defendant Jane Doe was not paying attention, as she was busy talking to one of her peers. Defendant Jane Doe allegedly said: "You feel on shit water and what?" (Doc. 1 at p. 9). Plaintiff explained that a plumber was fixing a pipe and left a mess, causing him to slip and fall. Plaintiff reiterated that he was in extreme pain, but Defendant Jane Doe allegedly cut him off and said, "We are done here." *Id.* When Plaintiff asked for her name, Defendant Jane Doe allegedly stated: "Write a grievance if you want we are done here." *Id.*

On November 17, 2024, Plaintiff also saw Defendant Dr. Ek and informed him about his fall and the extreme pain in his left arm. Defendant Ek examined Plaintiff's arm and noted it was bruised. Defendant Ek sent Plaintiff to the emergency room at OSF St. Mary Medical Center in Galesburg, Illinois. At the hospital, Plaintiff was examined by an orthopedic specialist, who prescribed medication for the pain in his left arm. Defendant Ek allegedly gave Plaintiff Tylenol instead of the pain medication the specialist prescribed.

On November 21, 2024, Plaintiff saw an orthopedic specialist in Peoria, Illinois, who recommended an MRI of his left arm. When Plaintiff returned to Hill, he was placed in the infirmary to manage his pain.

## II

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy

the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Defendants Nurse Jane Doe and Dr. Ek based on their alleged deliberate indifference to his left arm injury and pain. Plaintiff is advised that a Doe Defendant cannot be served. It is Plaintiff's responsibility to identify Defendant Jane Doe through discovery and to file a Motion to Substitute her real name. The failure to do so will result in the dismissal of Defendant Jane Doe without prejudice.

Plaintiff names Wexford as a Defendant, but he does not claim that he was injured due to a policy or practice of Wexford. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978); *see also McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Wexford may not be held accountable merely for the actions of its employees, as there is no *respondeat*

*superior* liability under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Wexford is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment claim against Defendant Nurse Jane Doe and Defendant Dr. Ek based on their alleged deliberate indifference to his left arm injury and pain. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendant Wexford is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendant Wexford.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

4

subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 25, 2026

s/Jonathan E. Hawley
U.S. District Judge